Filed 7/26/13  In re A.W. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.W. et al., Persons Coming Under the Juvenile Court Law. | B244770 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.F.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK19378) |

        APPEAL from an order of the Superior Court of Los Angeles County, Robert L. Stevenson, Juvenile Court Referee.  Affirmed.

        Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

        John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

M.F., mother of A. and Brandon, appeals from the dispositional order of the juvenile court that removed the children from her custody. (Welf. & Inst. Code, § 361, subd. (c).)[1] As the evidence amply supports the removal order, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Viewing the evidence according to the usual rules (*In re A.S.* (2011) 202 Cal.App.4th 237, 247), it shows there have been two previous dependency cases involving this family, one commenced in 1995 because of general neglect and an unhealthy, unsafe home, and another in 2010 because mother was involved in a drunken fight in her home and had enabled her minor child to become intoxicated. The Department of Children and Family Services (the Department) has also received six referrals since 2001 concerning this family.[2]

In April 2012, sheriff's deputies responded to a call about a fight and found mother and Rodolfo S. visibly intoxicated and smelling of alcohol. Mother was very uncooperative and yelled at the deputies to leave. There were blood stains all over the floor and on the walls and both mother and Rodolfo refused to explain the cause. Daughter Ma.'s boyfriend claimed that mother had stabbed him and someone had broken a liquor bottle on his face.

The deputies found six-year-old A. hiding in the bathroom crying. He was standing on a blood-covered floor. The child declared he was scared because everyone was drunk, fighting, and screaming. A. had witnessed the fight and stated he saw mother " 'shank' " Ma.'s boyfriend. Ma.'s boyfriend hit A. A. has asthma and was coughing, but mother was too intoxicated to give him medicine or indicate to the sheriffs' deputies where his inhaler could be found. Mother was still intoxicated the next day when the social worker tried to interview her.

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] The fathers of A. and Brandon are not parties to this appeal.

The sheriff's deputies arrested mother for child endangerment (Pen. Code, § 273a) and assault with a deadly weapon (Pen. Code, § 245).  As A. and three-year-old Brandon were thus without a caretaker, the Department detained them.

Mother contacted the Department after she was released from jail.  She denied being a heavy drinker; she claimed she drank " 'occasionally' " and " 'could go years without having a drink.' "  She claimed that on the night of the incident she had " 'two, three drinks in moderation.' "  Mother also denied knowing Ma.'s boyfriend was abusive to her children.  Mother's criminal history includes a conviction in 2002 for driving under the influence and a 2010 arrest for child cruelty.  The latter case remains pending.

By the time of the jurisdictional hearing, A. had recanted much of what he told the police the night of his detention.  He did, however, recall another incident involving his family and drinking in which he feared he would be stabbed.  Ma.'s boyfriend told the social worker that everyone in the house was drinking on the night of the April 2012 incident.  He reported that mother drinks excessively and "gets 'crazy and violent' when she drinks."  A.'s father described how he and mother often fought during their relationship because mother could not control herself when she drank alcohol.  She would drink, " 'lose it.  She'd fight and I'd leave,' " father stated.

Included in the Department's report for the jurisdiction hearing was the police report from the earlier 2010 incident showing that the sheriff's department responded to a report that a female was screaming for help at the family's residence.  Mother ran out of the house yelling and screaming when the sheriff's deputies arrived.  When she saw the deputies, she yelled, " 'Fuck you mother fuckers' " and ran back inside.  Mother had blood on her clothing.  There were numerous people in the house, all of whom had strong odor of alcohol and displayed symptoms of alcohol intoxication, including Ma., who was 16 years old at the time.  Three people in the residence were under the age of 21 and reported that mother had provided them with alcohol despite being aware they were minors.  The sheriff's deputies observed that furniture was scattered or thrown in different directions, there was blood on the floors and walls, and empty liquor bottles

3

throughout the kitchen. Brandon and A. were crying, scared, extremely hungry, and wearing soiled diapers.

Mother was admitted to Plaza Community Services in May 2012, soon after this most recent incident. By the time of the jurisdiction/disposition hearing at issue here, mother had attended 46 sessions of substance-abuse group counseling, 13 parenting classes, 8 anger management classes, 11 relapse prevention classes and 14 domestic violence classes. She tested negative for *drugs* on 21 occasions.

The juvenile court sustained an amended petition under section 300, subdivisions (a), (b), and (j) alleging that Ma.'s boyfriend hit A. and mother failed to protect the child; mother placed the children in a dangerous situation by engaging in a violent altercation with Ma.'s boyfriend and stabbing him in A.'s presence; mother has a 10-year history of substance abuse and is a current abuser of alcohol, which renders her unable to provide regular care and supervision for the children; and mother placed the children in an endangering situation by allowing unrelated adults to abuse alcohol in the home in the presence of the children.

Turning to the disposition, mother requested the children be released to her care with family preservation services. Her attorney argued that the Department had not carried its burden to show by clear and convincing evidence that there was a risk of harm to the children if returned to mother's care. Counsel pointed to mother's immediate enrollment and participation in a substance abuse program and her negative drug-test results. The court found, although mother had immediately entered treatment, that she had not made significant improvements with respect to her substance abuse or her domestic violence problems. The court pointed to mother's denial that she was drunk in April 2012, and her denial that she intentionally stabbed Ma.'s boyfriend. Mother has a "long way to go" to address her domestic violence and substance abuse problems, the court found. The juvenile court ordered the children removed from mother's custody and mother appealed.

4

CONTENTIONS

Mother contends there is insufficient evidence to support the juvenile court's order removing the children from her custody.

DISCUSSION

" 'At the dispositional hearing, the court must decide where the child will live while under the court's supervision.' [Citation.] 'A removal order is proper if based on proof of parental inability to provide proper care for the child and proof of a potential detriment to the child if he or she remains with the parent. [Citation.] "The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. The focus of the statute is on averting harm to the child." [Citation.] The court may consider a parent's past conduct as well as present circumstances.' [Citation.]" (*In re A.S.*, *supra*, 202 Cal.App.4th at p. 247; *In re Miguel C*. (2011) 198 Cal.App.4th 965, 969.)

" 'Before the court issues a removal order, it must find the child's welfare requires removal because of a substantial danger, or risk of danger, to the child's physical health if he or she is returned home, and there are no reasonable alternatives to protect the child. [Citations.] There must be clear and convincing evidence that removal is the only way to protect the child.' [Citation.]" (*In re A.S.*, *supra*, 202 Cal.App.4th at p. 247; § 361, subd. (c)(1).[3])

Although the juvenile court must make the removal findings by clear and convincing evidence (§ 361, subd. (c)), on appeal, " ' " 'the clear and convincing test disappears . . . [and] the usual rule of conflicting evidence is applied, giving full effect to

---

[3]    Section 361, subdivision (c) reads in part, "A dependent child may not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of any of the following circumstances listed in paragraphs (1) to (5), inclusive . . . : [¶]  (1) There is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's or guardian's physical custody."

5

the respondent's evidence, however slight, and disregarding the appellant's evidence, however strong.' [Citation.]" [Citation.] "We have no power to judge the effect or value of the evidence, to weigh the evidence [or] to consider the credibility of witnesses . . . ." ' [Citation.]" (*In re A.S.*, *supra*, 202 Cal.App.4th at p. 247.)

Here, the evidence more than adequately supports the juvenile court's order removing the children from mother's custody. Mother has a lengthy history of substance abuse and violent behavior since at least 2001, triggering the intervention of authorities, as A., A.'s father, and the deputy sheriffs have described. Given mother's repeated history of exposing her children to the neglectful and violent behavior that accompanies her alcohol abuse, the court could reasonably conclude that there was a substantial danger to the children's emotional and physical health and safety if they remained in mother's care. A., who is very young, already declared he was scared during the incident that triggered this dependency. He is in need of therapy. He is showing the signs of neglect. He has been hit. He watched his mother stab Ma.'s boyfriend. There is ample evidence that the children are being neglected, and given the melees that occur when mother is intoxicated, the children are at extreme risk of serious physical harm.

We reject mother's contention that removal was improper because she had been in treatment for five months by the time of the dispositional hearing.[4] We recognize that mother "was taking her responsibilities seriously." However, mother has made no showing she has begun to address her problems with domestic violence. Also, mother has been abusing alcohol for at least a decade and the juvenile court reasonably concluded that five months of participation in rehabilitation was an insufficient amount of time. Mother was convicted of driving under the influence in 2002. Her children were declared dependents of the juvenile court in 2010 after the court found she gave alcohol to then 16-year-old Ma. The 2010 incident is eerily similar to the 2012 brawl: multiple intoxicated adults fighting with each other, blood splattered on the floor and walls, the

---

[4] Mother's attorney points to mother's multiple clean tests. However, mother has been *drug testing, not alcohol testing*, and there is no indication in the record that she has a problem with drug abuse.

children were present, were crying, and were scared.  Despite numerous witnesses who have described mother's alcohol abuse and her violent behavior, mother persists in denying that she has a problem with alcohol.  "[D]enial is a factor often relevant to determining whether persons are likely to modify their behavior in the future without court supervision."  (*In re Esmeralda B*. (1992) 11 Cal.App.4th 1036, 1044.)  The juvenile court reasonably concluded that mother had not made a sufficient improvement in her behavior, notwithstanding her claims to have been sober for five months.  On this record, it would be foolhardy for the court to return the children to mother's custody.

## DISPOSITION

The order appealed from is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:




KLEIN, P. J.




KITCHING, J.

7